UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JESSICA RANKIN, and JASON TORRES,
on behalf of themselves and other employees
similarly situated,

                           Plaintiffs,

-against-

NATURE'S GRILL LLC, NATURE'S GRILL II
L.P., NATURE'S GRILL III L.P., EMMANUEL
KOSMAS, ANASTASIOS VERTEOURIS,
DIMITRIOS VERTEOURIS, and JOHN DOES
1-100, the actual names of such individuals or
entities being unknown,

                           Defendants.
-----------------------------------------------------------X

**COMPLAINT**

**CLASS ACTION**

**PLAINTIFFS DEMAND TRIAL BY JURY**

CV 13 7014

GLASSER, J.

REYES, M.J

Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendants, allege:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the New York State Labor Law, N.Y. LABOR §§ 190 et seq., §§ 650 et seq. and the New York Minimum Wage Act, N.Y. LABOR § 650 et seq. ("NYSLL"). Plaintiffs seek, for themselves and all similarly situated employees, unpaid

1

53045_1

wages, unpaid overtime, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYSLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over plaintiffs' NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are so related to plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants maintain their principal place of business in, do business in, and have designated addresses located in this District for service of process and, accordingly, reside in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Jessica Rankin ("Rankin") resides in the county of Kings in the State of New York.

7. Plaintiff Jason Torres ("Torres") resides in the county of Kings in the State of New York.

8. Defendant Nature's Grill LLC is a New York limited liability corporation doing business in New York. Upon information and belief, Nature's Grill LLC operates the Nature's Grill restaurant located at 7417 Third Avenue in Brooklyn, New York (the

"Bay Ridge" restaurant).

9. Defendant Nature's Grill II, L.P. is a New York limited partnership doing business in New York. Upon information and belief, Nature's Grill II, L.P. operates the Nature's Grill restaurant located at 138 Court Street in Brooklyn, New York (the "Cobble Hill" restaurant).

10. Defendant Nature's Grill III L.P. is a New York limited partnership doing business in New York. Upon information and belief, Nature's Grill III L.P. operates the Nature's Grill restaurant located at 1736 Shore Parkway in Brooklyn, New York (the "Shore Parkway" restaurant).

11. Nature's Grill LLC, Nature's Grill II, L.P., and Nature's Grill III L.P. are collectively referred to herein as "Nature's Grill." Nature's Grill is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYSLL §§ 190, 651.

12. Nature's Grill operates at least three (3) restaurants. Upon information and belief, the Nature's Grill restaurants perform related activities through unified operation and common control, and are thus an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1).

13. Upon information and belief Nature's Grill employs employees who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce by any person. Upon information and belief, the ingredients for the food and beverages sold by employees at Nature's Grill have been moved in and were produced for interstate commerce.

14. In addition, upon information and belief, Nature's Grill is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Upon information and belief Nature's Grill is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

15. Upon information and belief, the three entities that comprise Nature's Grill are all owned and/or operated by Defendant Emmanuel Kosmas ("Kosmas") and/or Defendant Anastasios Verteouris ("A. Verteouris") and/or Defendant Dimitrios Verteouris ("D. Verteouris"). Kosmas, A. Verteouris, and D. Verteouris are collectively referred to herein as the "individual defendants."

16. Upon information and belief, the individual defendants are brothers.

17. Kosmas is an individual doing business in New York City and, upon information and belief, is a shareholder, officer, partner, and/or agent of Nature's Grill. At all relevant times, Kosmas had control over the employment practices of Nature's Grill and was responsible for the wage and hour practices complained of herein. Therefore, Kosmas is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

18. A. Verteouris is an individual doing business in New York City and, upon information and belief, is a shareholder, officer, partner, and/or agent of Nature's Grill. At all relevant times, A. Verteouris had control over the employment practices of Nature's Grill and was responsible for the wage and hour practices complained of herein. Therefore, A. Verteouris is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

19. D. Verteouris is an individual doing business in New York City and, upon information and belief, is a shareholder, officer, partner, and/or agent of Nature's Grill. At all relevant times, D. Verteouris had control over the employment practices of Nature's

53045_1

Grill and was responsible for the wage and hour practices complained of herein. Therefore, D. Verteouris is an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

20. Defendants John Does 1-100 are other individuals or entities affiliated with Nature's Grill. Plaintiffs reserve the right to name additional parties as their identities become known to plaintiffs. Upon information and belief, at all relevant times, John Does 1-100 had control over the employment practices of Nature's Grill and were responsible for the wage and hour practices complained of herein. Therefore, John Does 1-100 constitute an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 190 and 651.

21. Nature's Grill, the individual defendants, and Defendants John Does 1-100 are collectively referred herein to as the "defendants." Each of the defendants in paragraphs "8" through "20" is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYSLL §§ 198, 651.

## FACTUAL ALLEGATIONS

22. The defendants operate at least three (3) restaurants and Kings County, New York.

23. Plaintiffs have, for varying degrees of time, worked as servers/juice bar attendants and delivery persons (also called "drivers") for the defendants.

**Delivery Persons/Drivers**

24. Torres worked for defendants as a driver from in or around November 2012 through in or around March 2013. In that capacity, he delivered food and beverages to customers who ordered food from Nature's Grill's Shore Parkway restaurant online or

by telephone.

25. Throughout his employment at Nature's Grill, Torres earned $6.00 per hour and tips. Defendants paid Torres' wages in cash.

26. Torres was scheduled to (and did in fact) work between 48 and 60 hours per week as a driver.

27. Defendants failed to pay Torres time and a half for hours that he worked over 40 each week. Instead, defendants paid Torres his straight time wages for all hours worked.

### Servers/Juice Bar Attendants

28. Rankin worked for defendants as a server/juice bar attendant from in or about March 2013 until on or about September 30, 2013. Rankin worked primarily at Nature's Grill's Shore Parkway Restaurant, though when she first began working for Nature's Grill, she also worked some shifts at Nature's Grill's Cobble Hill restaurant.

29. In her capacity as server, Rankin served food and beverages to customers seated in Nature's Grill's restaurants located at Shore Parkway.

30. In her capacity as juice bar attendant, Rankin provided counter service to customers ordering food and beverages "to go" at Nature's Grill's Shore Parkway and Cobble Hill restaurants.

31. Defendants paid Rankin $9.00 per hour for her work as a juice bar attendant. Initially, defendants paid Rankin $9.00 per hour plus tips for her work as a server. However, beginning in July 2013, defendants lowered her hourly rate to $7.00 per hour plus tips for her work as a server. Defendants paid Rankin's wages in cash.

32. Rankin often worked two six-hour shifts per day: one as a server and one

6

as a juice bar attendant.

33. Rankin was usually scheduled to (and did in fact) work between 48 and 60 hours per week at Nature's Grill.

34. Defendants failed to pay Rankin time and a half for hours that she worked over 40 each week. Instead, defendants paid Rankin her straight time wages for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

35. Upon information and belief, defendants have, since 2007, employed over 50 different workers part time or full time in the non-exempt positions of drivers and servers/juice bar attendants. These employees had the same job duties as plaintiffs, as described in paragraphs "24" through "34" herein.

36. Upon information and belief, defendants have failed to pay these employees overtime premiums when they worked over 40 hours in a week.

37. The unlawful employment practices at issue with respect to drivers and servers/juice bar attendants employed by the defendants are identical to the unlawful employment practices with respect to plaintiffs. In all cases, defendants have failed to pay time and a half for work over forty hours in a week and have known of and/or showed reckless disregard for whether these and other practices violate the FLSA.

38. Other drivers and servers/juice bar attendants currently or formerly employed by defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under FLSA will provide other drivers and servers/juice bar attendants to receive notice of the action and allow

them to opt in to such an action if they so choose.

39. Pursuant to 29 U.S.C. §§ 216 and 256, consent forms executed by each plaintiff are annexed hereto as Exhibit A.

## CLASS ALLEGATIONS

40. Plaintiffs repeat and reallege each and every allegation in paragraphs 1-39 as if recited at length herein.

41. Pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, the named plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"):

All persons who have been employed as drivers and servers/juice bar attendants by defendants at their New York State restaurants during the period December 1, 2007 to the present.

42. The individuals in the class identified above are so numerous that joinder of all members of the class is impracticable. Upon information and belief, for the past six years, well over 100 individuals have worked as drivers, customer service representatives, assistant managers, and managers in Nature's Grill's three restaurants in New York State.

43. Questions of law and fact common to the Class include, but are not limited to, the following:

    a. Whether defendants have failed to pay plaintiffs and all similarly situated individuals the overtime rate of one and one half their regular hourly pay rate for each hour worked in excess of forty hours per week.

    b. Whether defendants have failed to pay plaintiffs and all similarly

situated individuals an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs worked 10 or more hours;

c. Whether defendants have maintained accurate records of hours worked and wages paid to its drivers and servers/juice bar attendants;

d. Whether defendants failed to provide plaintiffs and all similarly situated individuals with a written notice of their rate of pay, regular pay day, and such other information as required by the NYSLL;

e. Whether defendants failed to provide plaintiffs and all similarly situated individuals wage statements upon each payment of wages, as required by the NYSLL;

f. Whether defendants' actions and omissions at issue constitute willful violations of the NYSLL; and

g. Whether members of the Class have sustained damages and, if so, the proper measure of damages.

44. The claims of the named plaintiffs are typical of the claims of the Class in that all of the named plaintiffs have suffered damage due to the policies and practices set forth in the paragraphs 24-43.

45. The named plaintiffs will fairly and adequately protect the interests of the Class. The interests of the named plaintiffs are aligned with those of the Class, and the named plaintiffs have no conflicts of interest with the members of the Class. In addition,

the named plaintiffs are represented by qualified and experienced counsel.

46. By engaging in the policies and practices set forth in paragraphs 24-43, defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory and monetary relief with respect to the Class as a whole;

47. Questions of law or fact common to members of the Class, including but not limited to, the common questions of law or fact enumerated in paragraph 43, predominate over any questions affecting only the named plaintiffs, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. For these reasons, the Class should be certified under Federal Rule of Civil Procedure 23(b)(2) or, in the alternative, under Federal Rule of Civil Procedure 23(b)(3).

### AS AND FOR A FIRST CLAIM
### AS TO ALL PLAINTIFFS
(Failure to Pay Overtime Wage - FLSA)

49. Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "48" as if recited at length herein.

50. At all relevant times, defendants have not paid plaintiffs at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

51. Upon information and belief, at all relevant times, defendants did not pay other drivers and servers/juice bar attendants the statutorily required overtime rate of time

and one half for hours worked in excess of forty hours in a week.

52. Defendants, by the above acts, have violated 29 U.S.C. § 207.

53. Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CLAIM
### AS TO ALL PLAINTIFFS
### (Failure to Pay Overtime Wage – NYSLL)

54. Plaintiffs repeat and re-allege each and every allegation in paragraphs "1" through "53" as if recited at length herein.

55. At all relevant times, defendants have not paid plaintiffs at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

56. Upon information and belief, at all relevant times, defendants did not pay other drivers and servers/juice bar attendants the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a week.

57. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.2.

58. Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

### AS AND FOR A THIRD CLAIM
### AS TO ALL PLAINTIFFS
### (NYSLL - Failure To Pay Spread of Hours Pay)

59. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1"

...
...
...
...
...

through "58" above as though recited at length herein.

60. At all relevant times, defendants have not paid plaintiffs an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs' spread of hours exceeded 10.

61. Upon information and belief, at all relevant times, defendants have not paid other drivers and server/juice bar attendants an additional hour's pay at the minimum hourly wage rate for each day which the spread of hours for those employees exceeded 10 hours.

62. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR §§ 142-2.4; 146-1.6.

63. Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

### AS AND FOR A FOURTH CLAIM
### AS TO ALL PLAINTIFFS
(NYSLL – Failure to Pay Wages When Due)

64. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "63" above as though recited at length herein.

65. Plaintiffs were "manual worker[s]" as defined in NYSLL § 190(4).

66. Pursuant to NYSLL § 191(a), defendants were obligated to pay plaintiffs their wages weekly and not later than seven calendar days after the end of the week in which the wages are earned.

67. By failing to pay upon the earned wages, defendants have violated NYSLL § 191.

68. Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

## AS AND FOR A FIFTH CLAIM
## AS TO ALL PLAINTIFFS
### (Unlawful Deductions – NYSLL)

69. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "68" of the Complaint as if set forth herein.

70. Pursuant to NYSLL § 193, defendants were prohibited from deducting any amounts of plaintiffs' wages from their pay.

71. By failing to pay plaintiffs their earned wages, defendants have unlawfully deducted from plaintiffs' wages in violation of NYSLL § 193.

72. Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL § 663.

## AS AND FOR AN SIXTH CLAIM
## AS TO ALL PLAINTIFFS
### (NYSLL - Notice and Recordkeeping Requirements)

73. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "72" above as though recited at length herein.

74. Defendants failed to provide plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by NYSLL § 195(1).

75. Defendants are liable to each plaintiff in the amount of $50.00 per week of employment that they did not receive such notice, together with costs and attorneys fees.

## AS AND FOR A SEVENTH CLAIM
## AS TO ALL PLAINTIFFS
(NYSLL – Failure To Provide Wage Statements)

76. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "75" above as though recited at length herein.

77. Defendants did not provide plaintiffs with wage statements upon each payment of wages, as required by NYSLL §195(3).

78. Defendants are liable to each plaintiff in the amount of $100.00 per week of employment that they did not receive such statements, together with costs and attorneys fees.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and NYSLL §§ 198, 663;

(c) directing defendants to make plaintiffs and all similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(d) directing defendants to pay plaintiffs an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs' spread of hours exceeded 10.

(e) directing defendants to pay plaintiffs and all similarly situated

14

53045_1

employees for all unlawful deductions from their wages;

(f) directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g) directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in NYSLL §§ 198, 663.

(h) directing defendants to pay plaintiffs and all similarly situated employees statutory damages of $50.00 per week of violation, to a maximum of $2,500 per plaintiff, for violations of NYSLL §195(1), pursuant to NYSLL §198(1-b).

(i) directing defendants to pay plaintiffs and all similarly situated employees additional statutory damages of $100.00 per week of violation, to a maximum of $2,500 per plaintiff, for violations of NYSLL §195(3), pursuant to NYSLL §198(1-d).

(j) awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL §§ 198, 663; and

(k) granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
December 2, 2013

        Respectfully submitted,
        CARY KANE LLP
        Attorneys for Plaintiff

        By: _____
             Joshua Parkhurst (JP5022)
             Melissa Chan (MC5687)
             1350 Broadway, Suite 1400
             New York, New York 10018
             (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSICA RANKIN, et al.,

                    Plaintiffs,

    -against-

NATURE'S GRILL LLC, NATURE'S GRILL II
L.P., NATURE'S GRILL III L.P., EMMANUEL
KOSMAS, ANASTASIOS VERTEOURIS,
DIMITRIOS VERTEOURIS, and JOHN DOES
1-100, the actual names of such individuals or
entities being unknown,

                    Defendants.
------------------------------------------------------------X

**CONSENT TO BECOME PARTY PLAINTIFF**

     By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_(Signature)_

Dated: 10-14-13

Jessica Rankin
(Print your name)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSICA RANKIN, et al.,

                      Plaintiffs,

          -against-

NATURE'S GRILL LLC, NATURE'S GRILL II
L.P., NATURE'S GRILL III L.P., EMMANUEL
KOSMAS, ANASTASIOS VERTEOURIS,
DIMITRIOS VERTEOURIS, and JOHN DOES
1-100, the actual names of such individuals or
entities being unknown,

                      Defendants.
------------------------------------------------------------X

**CONSENT TO BECOME PARTY PLAINTIFF**

      By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_____
(Signature)

Dated: 12-6-13

Jason Torres
(Print your name)